IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 04-130 |
| | ) | |
| BRANDON THOMPSON | ) | |

**<u>Memorandum Opinion</u>**

Currently pending before this Court is the *Pro Se* Motion of Defendant/Petitioner Brandon Thompson to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Thompson, who plead guilty to counts two and three of a three count indictment charging him with possession of a firearm and possession with intent to distribute five (5) or more grams of crack-cocaine in violation of 18 U.S.C. § § 922(g), 924(a)(2) and 21 U.S.C. 841, challenges his conviction on the basis that the search of his vehicle was unlawful and that his attorney failed to argue at sentencing the disparity in the ratio for crack and powder cocaine.

Petitioner entered a guilty plea on March 11, 2005, and the transcript of said guilty plea evidences that defendant agreed (as set forth more fully in the plea agreement) to waive his right to file a motion to vacate pursuant to 28 U.S.C. § 2255. (See Doc. No. 64, at 25-26). Specifically, during the plea colloquy, the Court questioned and the petitioner answered as follows:

> The Court: Do you under that in the plea agreement, you're giving up your right to appeal, except as specifically stated, and that you're also giving up any right you may have to file a motion to vacate sentence under Title 28, United States Code, Section 2225 for habeas corpus relief, and any other available rights to obtain collateral review of your sentence?
> The Defendant: Yes, sir.

Because petitioner plead guilty to these offenses pursuant to the terms of the plea agreement, he has waived his right to bring the instant motion.

Moreover, petitioner's arguments are wholly without merit. As to his challenge regarding the search and seizure of his vehicle, a motion to suppress was filed on behalf of petitioner by his able trial counsel (doc. no. 13) and after a hearing, said motion was denied by this Court (doc. no. 35). As part of his plea agreement, petitioner retained the right to challenge this Court's ruling on suppression before the United States Court of Appeals for the Third Circuit and his appellate counsel pursued an appeal on his behalf regarding suppression. On May 17, 2006, the Court of Appeals for the Third Circuit affirmed this Court's ruling denying the motion to suppress evidence (doc. no. 67). Accordingly, petitioner's argument regarding the alleged unlawfulness search of his vehicle was previously pursued and is without merit. United States v. DeRewal, 10 F.3d 100, 105 (3d Cir.1993), cert. denied, 511 U.S. 1033 (1994) (Section 2255 may not be used to reargue issues that were previously raised and ruled upon in a direct appeal).

Finally, as to petitioner's scant argument (without any legal citations of authority) that counsel was ineffective for failing to argue at sentencing the disparity in the ratio for crack and powder cocaine, said contention is also without merit.

Claims of ineffective assistance of counsel are reviewed under the two-prong standard of Strickland v. Washington, 466 U.S. 668 (1984). First, petitioner "must show that counsel's representation fell below an objective standard of reasonableness." Id. at 688. Second, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. In other words, petitioner must show that counsel's errors were so serious as to deprive the petitioner of a fair trial; that is, a trial whose result was reliable.

When reviewing whether counsel's performance was deficient, we must, in a highly deferential manner, examine whether counsel's assistance was reasonable considering all of the circumstances. We need not determine what the ideal attorney might have done in a perfect world or even what the average attorney might have done on an average day; instead, our case-by-case inquiry focuses on whether a particular counsel's conduct was reasonably effective in context.

Moreover, even unreasonable conduct will not warrant relief if the petitioner fails to prove affirmatively that the unreasonable conduct prejudiced his case. To establish prejudice, a petitioner must establish more than that the unreasonable conduct might have had some conceivable effect on the outcome of the proceeding. The petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. With these standards in mind, we review petitioner's ineffectiveness claims.

Petitioner's claim that counsel was ineffective for failing to argue at sentencing the ratio between crack and powder cocaine is unconvincing because petitioner has not and cannot demonstrate that counsel's failure to advance said argument was either unreasonable or that it might have had some conceivable effect on the outcome of the proceedings. The Court notes that even after three separate reports by the Sentencing Commission and proposed amendments to the 100:1 ratio, Congress has kept in force the initial sentencing difference between crack and powder cocaine. United States v. Gunter, 462 F.3d 237 (3d Cir. 2006). Recognizing that this Court now has discretion to consider the Sentencing Guidelines regarding the disparity between crack and powder cocaine as advisory, Gunter, 462 F.2d 237, this Court still can not say that the failure to raise such an argument was prejudicial because, even had it been argued, it would not

have had any effect on the sentencing outcome.  See United States v. Melton, 2007 WL 108298 (3d Cir. NJ January 27, 2007), quoting Gunter at 248-249 ("the District Court is under no obligation to impose a sentence below the applicable Guidelines range solely on the basis of the crack/powder cocaine differential.")

Accordingly, for these reasons, the *Pro Se* Motion of Defendant/Petitioner Brandon Thompson to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (doc. no. 68) will be denied.  An appropriate order follows.

> s/Arthur J. Schwab
> Arthur J. Schwab
> United States District Judge

cc: All counsel of record